NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

Winston ROSE and Mary Louise Rose, do-
ing business as Ideal Donut Shop,
Respondents.

No. 14964.

United States Court of Appeals
Seventh Circuit.

June 24, 1965.

Marcel Mallet-Prevost, Asst. Gen.
Counsel, Glen M. Bendixsen, Atty., Ar-
nold Ordman, Gen. Counsel, Dominick
L. Manoli, Associate Gen. Counsel, Leo
N. McGuire, Atty., N. L. R. B., Wash-
ington, D. C., for petitioner.

Harry P. Dees, Joseph A. Yocum,
Arthur R. Donovan, Evansville, Ind.,
Kahn, Dees, Donovan & Kahn, Evans-
ville, Ind., of counsel, for respondents.

Before DUFFY, SCHNACKENBERG
and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

National Labor Relations Board, by its
petition, seeks enforcement of its order
issued against Winston Rose and Mary
Louise Rose, doing business as Ideal Do-
nut Shop, respondents,[1] who are copart-
ners engaged in the manufacture and
sale of doughnuts and other baked goods.

The Board's complaint charged viola-
tions by respondents of § 8(a) (1) and
(3) of the National Labor Relations Act,
as amended, 29 U.S.C.A. § 158(a) (1)
and (3), and based on evidence received
by an examiner, he found that § 8(a)
(1) had been violated by respondents'
coercively interrogating, threatening,
and soliciting their employees concern-
ing their union activity, by attempting

1. 148 N.L.R.B. No. 25.

to coerce the employees to renounce their union activity, and their discharge of employees Gary Doerner, David Hall and Mary Ann Hall because of their union membership and activity, in violation of § 8(a) (1) and (3) of the Act. Petitioner affirmed the examiner, except as to his order that respondents need not reinstate David Hall.

1. Respondents contend that the order which we are now asked to enforce is based upon findings which are not supported by substantial evidence in the record as a whole. Temporarily withholding comment on the matter of the aforesaid discharged employee, we hold that respondents' contention is not valid in view of all the evidence appearing in the record.

2. Respondents contend that petitioner improperly ordered them to reinstate Hall, thus repudiating the recommendation of its trial examiner that an offer of reinstatement should not be made to Hall. According to the examiner, respondents made a full and unconditional offer of reinstatement, which was voluntarily rejected by Hall, who at that time accepted full payment of all back pay then due him. However, petitioner had a right to rely upon the overriding rule that its power to remedy unfair labor practices is not limited by private agreements between the parties. This principle was recognized by us in National Labor Relations Board v. General Motors Corp., 116 F.2d 306 (1940), where, at 312, we said:

"* * * The controversy is not to vindicate a private right, but to give effect to the public policy as defined by Congress, viz: the prevention of unfair labor practices which, by causing and increasing industrial strife, obstruct the free flow of interstate commerce. Amalgamated Utility Workers v. Edison Co., 309

U.S. 261, 266, 267, 268, 60 S.Ct. 561, 84 L.Ed. 738.

"The above-quoted section plainly indicates that the jurisdiction of the Board, once established in all other respects, is not to be affected by an agreement entered into by private parties. * * *"

The court of appeals for the fourth circuit, in National Labor Relations Board v. Threads, Inc., 308 F.2d 1 (1962), at page 8, said:

"* * * such right of a discriminatorily discharged employee to reinstatement and back pay is not a private right subject, like an ordinary debt, to private adjustment, but a remedy that is provided in the public interest in order to enforce a public right. * * *"

In Amalgamated Workers v. Consolidated Edison Co., 309 U.S. 261, 266, 60 S.Ct. 561, 564, 84 L.Ed. 738 (1940), in discussing the National Labor Relations Act, the court said:

"* * * The vindication of the desired freedom of employees is thus confided by the Act, by reason of the recognized public interest, to the public agency the Act creates. * * *

"What Congress said at the outset, that the power of the Board to prevent any unfair practice as defined in the Act is exclusive, is thus fully carried out at every stage of the proceeding. * * *"

Accordingly, we hold that the Board acted within its power as well as its discretion in ordering respondents to offer Hall reinstatement and to make him whole for any wages he lost because of the discrimination against him.

Therefore, this court's decree will enforce the order of the Board.

Order enforced.